### HORACE T. HILDRETH *vs.* EPHRAIM H. BRIGHAM.

If in a writ of entry to foreclose a mortgage judgment has been recovered for possession of the demanded premises and costs, and execution has been issued accordingly, no affidavit is necessary, under the statutes of this commonwealth, in order to justify the arrest of the defendant for the costs.

TORT against a deputy sheriff for assault and false imprisonment, in arresting the plaintiff on an execution against him for the possession of certain land, and costs. Judgment was entered for the defendant in the superior court, upon agreed facts, which are sufficiently stated in the opinion; and the plaintiff appealed to this court.

*J. W. Bacon*, for the plaintiff.

*W. S. Gardner*, for the defendant.

COLT, J. By the agreed statement of facts, it appears that the plaintiff was arrested and imprisoned by the defendant on an execution for possession, recovered in a real action to foreclose a mortgage, in which the plaintiff also recovered judgment for one hundred and thirty-seven dollars and five cents costs. The execution is in the common form used in real actions, and recites that the plaintiff had recovered judgment for his title and possession of and in a certain parcel of land, against the defendant therein named, who had unjustly withheld, put out or amoved the said plaintiff from his possession thereof, and also had recovered judgment for the sum named, for "cost and damages which he sustained by reason of the same," with the usual command, for want of goods, &c., to satisfy said sum, to take the body of the defendant.

By Gen. Sts. c. 124, § 5, it is provided that no person shall be arrested on execution issued for debt or damages in a civil action, except in actions of tort, unless the judgment creditor or some person in his behalf, after execution is issued amounting to twenty dollars exclusive of all costs, shall make affidavit as therein provided. No affidavit was made in this case, and, looking for the present to the provisions of this section alone, we think none was required. The three divisions of contract, tort and replevin embrace all personal actions in this commonwealth; debt or damages are mainly recovered in these personal actions; and it seems to have been the principal purpose of the legislature to protect the defendant wholly from arrest in actions of contract, when the damages recovered do not exceed twenty dollars, and not to permit arrest on execution in any such action without the affidavit specified. Upon executions recovered in actions of tort no such limitation is made, and no affidavit is required. The reason for this distinction may be found in the fact, that the relation of debtor and creditor is in most cases a voluntary one as to both parties, and the power of the creditor to take the body of the debtor in satisfaction in such cases may with much more reason be curtailed or taken away than in those cases where the plaintiff is a sufferer from the wrongful act or trespasses of the defendant. If, then, the execution which the

plaintiff seeks to enforce by arrest is recovered in an action of tort, or, if recovered in any other form of civil action, is not for the recovery of debt or damages as well as costs, the affidavit to arrest is not required. In view of the whole legislation upon this subject of the forms of our executions, continued through all changes from 1784 to the present time, and particularly of all the provisions of Gen. Sts. *c.* 124, it seems that § 5 of that chapter was enacted in restraint of the general power of arrest; and unless the plaintiff brings his case within these restraining provisions, the defendant may justify this arrest without affidavit.

The plaintiff claims that it is within these provisions because the sum named in the execution is therein recited to be recovered for " costs and damages." These words occur in the printed form of the writ used, and happen doubtless because it is the form used in all real actions in which damages may sometimes be recovered as mesne profits for the detention of the land. No such damages can be recovered in actions brought by a mortgagee against a mortgagor to recover possession of the mortgaged premises, for, by Gen. Sts. *c.* 134, § 47, the statutes authorizing such recovery are declared not to extend or apply to such cases. The recital cannot give to the costs recovered the nature of damages, and besides it is disclosed in the agreed statement that this sum is for costs of suit. The execution under which the defendant justifies was not therefore restrained in its service by § 5, because it was not in any sense an execution issued for debt or damage in a civil action. *St.* 1784, *c.* 28. Rev. Sts. *c.* 97, § 10. *Appleton* v. *Hopkins,* 5 Gray, 530.

It is urged by the plaintiff, against this construction of the statute, that § 6 of the same chapter provides that no affidavit shall be required to authorize arrest upon an execution issued for costs only, and that this by implication forbids arrest in other cases not provided for by § 5. In the report of the commissioners upon the revision of the statutes, it will be found that § 6 was omitted from this chapter, and probably because it was deemed by the commissioners, for reasons like those here stated, to be unnecessary. We cannot think that the argument derived from the maxim *Expressum facit cessare tacitum* should control

the conclusions at which we arrive; especially as there would be no power, if the plaintiff's construction should prevail, to enforce by arrest an execution for costs in a real action to foreclose a mortgage, because the affidavit required could in no such case be made.

There is another view of this statute which leads to the same result, and which may well be taken. Actions of tort are expressly excepted in § 5; and, although strictly speaking a real action cannot be denominated an action of tort, yet it is brought for the redress of an injury to the plaintiff's property by its wrongful detention, does not arise from contract, and is strongly analogous to a personal action of tort. We think the words as used in this statute were intended to have a more than technical meaning, and to embrace actions for the recovery of land.

It is further suggested that, as the costs in this action are made a charge upon the real estate recovered, and must be paid upon a redemption by the mortgagor, the legislature may well have intended to exempt the defendant from arrest for costs. The answer to this is, that the plaintiff is entitled to the whole of the demanded premises by virtue of the mortgage as security for his debt, and ought not by the default of the defendant to be compelled to charge it with costs in addition.

No point is now made in reference to the competency of the evidence that a suit was commenced on the mortgage note at the same time that the writ of entry was brought, and the costs thereon paid by the present plaintiff before his arrest; and it is plain that in this action the defendant who lawfully served the precept directed to him cannot be affected by such other proceedings.　　　　　　　　　*Judgment for the defendant.*